UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/21/2022

400 EAST 62ND PROPERTIES LLC,

                              Plaintiff,

        -against-

GRUPO CINEMEX, S.A. DE C.V.,

                              Defendant.

20-cv-4917 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

       This dispute arises from a botched lease agreement between Plaintiff 400 East 62nd Properties LLC and Defendant Grupo Cinemex, S.A. de C.V., a Mexican film company. Plaintiff filed this suit on June 26, 2020. On October 20, 2020, this Court issued an order to show cause as Plaintiff had not yet served Grupo Cinemex. In response, Plaintiff requested permission to serve Defendants by alternate service. This Court granted such permission citing *Unite National Retirement Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 334 (S.D.N.Y. 2008). Shortly thereafter, Defendant appeared for the limited purposes of contesting the validity of service, requesting permission to file a motion to quash service. The Court granted Defendant's request on November 9, 2021.

       Defendant's motion concerns the Court's reliance on *Ariela*, a previous case in this District granting permission for alternate service on a Mexican defendant. Defendants argue *Ariela* relied on a mistranslation of Mexico's signatory to the Hague Convention. In *Ariela*, the court used an English translation which stated that Mexico had granted permission for its citizens to be served by mail or email under the Hague Convention. Defendant argues, however, that the proper translation states the exact opposite: Mexico expressly requires that service of its citizens be effectuated via the Mexican Central Authority. In supporting its proposition, Defendant cites

a litany of cases denying alternate service of Mexican citizens, many of which acknowledge the previous mistranslation.  The Court is now convinced that its reliance on *Ariela* was misplaced.

Accordingly, Defendant's motion to quash the subpoena is granted.  Plaintiff is hereby ordered to effectuate service on Grupo Cinemex within the confines of the procedures set out in the Hague Convention.

Given the considerable delay and Plaintiff's previous attempt at service, the Court will extend Plaintiff's time to serve by six months.  This is Plaintiff's final extension.  Plaintiff is directed to file proof of service or documents illustrating *all* attempts to effectuate service through Mexico's Central Authority on or before March 21, 2023.  The Clerk of the Court is respectfully directed to terminate ECF No. 28.

**SO ORDERED.**

Dated:   September 21, 2022
         New York, New York

*/s/ Andrew L. Carter*

**ANDREW L. CARTER, JR.**
**United States Judge**