UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 400 EAST 62ND PROPERTIES, LLC,<br><br>                      Plaintiff,<br><br>-against-<br><br>GRUPO CINEMEX, S.A. DE C.V.,<br><br>                      Defendant. | 1:20-cv-04917 (JLR)<br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

        Plaintiff 400 East 62nd Properties, LLC ("Plaintiff") commenced this action against Defendant Grupo Cinemex, S.A. DE C.V. ("Defendant") on June 26, 2020. ECF No. 1 ("Compl."). Before the Court is Plaintiff's most recent motion for permission to serve Defendant by alternative means or, in the alternative, for an extension of time to serve Defendant through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *See* ECF No. 40 ("Motion"). Counsel for Defendant has appeared for the limited purpose of opposing Plaintiff's motion. *See, e.g.*, ECF No. 44.

        A plaintiff must exercise due diligence to timely serve a defendant in a foreign country. *See* Fed. R. Civ. Pro. 4(m); *In re Bozel S.A.*, No. 16-cv-03739 (ALC), 2017 WL 3175606, at *2 (S.D.N.Y. July 25, 2017). Under this flexible standard, "the court assesses the reasonableness of the plaintiff's efforts and the prejudice to the defendant from any delay." *In re Bozel S.A.*, 2017 WL 3175606, at *2.

        Here, the Court concludes that Plaintiff has acted diligently in attempting to serve Defendant in Mexico. Among other efforts, Plaintiff retained the services of a firm specializing in international litigation and has already attempted to serve Defendant through the Central Authority in Mexico, pursuant to the Hague Convention, on two occasions. *See* ECF No. 40-1

("Lederman Decl.") ¶¶ 5, 8, 17.  However, on August 2, 2021, authorities in Mexico returned Plaintiff's first service request as unexecuted because, according to the process server, no person was available at Defendant's physical office to accept service in light of the COVID-19 pandemic.  *Id*. ¶ 8.  The Court subsequently afforded Plaintiff until March 21, 2023 to "file proof of service or documents illustrating *all* attempts to effectuate service through Mexico's Central Authority" a second time.  ECF No. 35 at 2.  The Court cautioned that, "[g]iven the considerable delay and Plaintiff's previous attempt at service," this was "Plaintiff's final extension."  *Id.*

In response to the Court's order, on March 16 and 17, 2023, Plaintiff filed the instant Motion, along with a declaration, letters, and accompanying exhibits further documenting Plaintiff's attempts to effectuate service.  *See* ECF Nos. 40, 42; *see also* ECF Nos. 45, 46.  Specifically, on September 21, 2022, Plaintiff filed a request for the issuance of a summons against Defendant, which the Clerk of Court issued the following day.  *See* Lederman Decl. ¶ 16.  On September 28, 2022, Plaintiff's process server submitted a second request for service of the Complaint and Summons to the Mexican Central Authority pursuant to the Hague Convention.  *See id.* ¶ 17.  Plaintiff subsequently received a letter from the Mexican Central Authority stating that it "was unable to effect service on defendant because there was no 'interior room number' or office number for defendant at the provided location" and requesting that Plaintiff "[p]rovide the full address" of Defendant.  ECF No. 46 at 1-2.  Notwithstanding the Central Authority's letter, Plaintiff and Defendant agree that the address provided to the Central Authority for service on Defendant was correct.  *See id.*; ECF No. 47.  Defendant even acknowledges that it is "unaware why the Mexican Central authority returned the service request to Plaintiff since Grupo Cinemex's address is undisputedly and publicly" the correct address.  ECF No. 47 at 1.

The Court does not lightly permit additional time to effect service after cautioning

counsel that the prior extension is their last, especially where the case has been pending for over three years. However, the Court finds that any delay that has occurred since the Court's prior order was largely the result of Plaintiff's attempts to comply with the procedures required by the Hague Convention. Additionally, Defendant is aware of this litigation, appeared for limited purposes through counsel, and has not articulated any prejudice (nor can the Court infer sufficient prejudice to Defendant from further delay on the current record). *See* ECF Nos. 44, 47. In sum, the Court finds that additional time for Plaintiff to effect service through the Hague Convention is warranted.

Accordingly, Plaintiff's Motion is GRANTED in part and DENIED in part. Plaintiff's request for an extension of time to serve Defendant through the Hague Convention is GRANTED. Plaintiff shall file proof of service through the Hague Convention by **January 19, 2024**. If Plaintiff is unable to serve Defendant, Plaintiff shall file documentation of all of its attempts to effectuate service by that same deadline. Plaintiff's alternative request for permission to serve Defendant through mail and email is DENIED as moot.

The Clerk of Court is respectfully directed to terminate ECF Nos. 40 and 46.

Dated: July 19, 2023
      New York, New York

                                        SO ORDERED.

                                        JENNIFER L. ROCHON
                                        United States District Judge